| | |
|---|---|
| JEFFREY I. KOHN (S.B. #027951988)<br>jkohn@omm.com<br>NICOLE M. ARGENTIERI (admitted *pro hac vice*)<br>nargentieri@omm.com<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061 | SCOTT VOELZ (admitted *pro hac vice*)<br>svoelz@omm.com<br>ZACH TAFOYA (admitted *pro hac vice*)<br>ztafoya@omm.com<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, California 90071-2899<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 |

*Attorneys for Defendants*
*GEORGE THOMAS DAVE & GT'S LIVING FOODS, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAD JOSEPH BELL, HERMOINE KING, GABRIELLA BELL, and JILL JONES, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GEORGE THOMAS DAVE and GT'S LIVING FOODS, LLC,<br><br>        Defendants. | CIVIL ACTION NO. 2:21-cv-11816-ES-ESK<br><br>CLASS ACTION |

**JOINT PROPOSED DISCOVERY PLAN**

1. <u>Identification of Counsel</u>:

Counsel for Plaintiffs:

Kevin P. Roddy
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ  07095
Telephone:  (732) 636-8000
Facsimile:  (732) 726-6686
    -and-
John E. Keefe, Jr.
Stephen T. Sullivan, Jr.
125 Half Mile Road, Suite 100
Red Bank, NJ  07701
Telephone:  (732) 855-6005
Facsimile:  (732) 726-4705

Noel Rivers
RIVERS LAW FIRM LLC
77 Hudson Street
Hackensack, NJ  07601
Telephone:  (201) 744-4321
Facsimile:  (201) 706-7760

Counsel for Defendants:

Jeffrey I. Kohn
Nicole M. Argentieri
O'MELVENY & MYERS, LLP
Times Square Tower
7 Times Square
New York, NY  10036
Telephone:  (212) 326-2067
Facsimile:  (212) 326-2061
    -and-
Scott Voelz
Zach Tafoya
400 South Hope Street, 18th Floor
Los Angeles, CA  90071-2899

2

   Telephone:  (213) 430-6000
   Facsimile:  (213) 430-6407

2. <u>Brief Description of Case</u>:

  On behalf of themselves, a proposed New Jersey Class, and a proposed Nationwide Class, Plaintiffs challenge the advertising, marketing, sales, and distribution of Defendants' Synergy Kombucha products.  Plaintiffs' Class Action Complaint ("Complaint"), filed on May 26, 2021, asserts claims for violations of the New Jersey Consumer Fraud Act and the New Jersey and federal Racketeer Influenced and Corrupt Organizations Acts.  ECF No. 1.  Defendant's motion to dismiss the Complaint, filed on August 2, 2021, remains pending.  ECF Nos. 13, 18 & 22.

3. <u>Have settlement discussions taken place</u>?

  No settlement discussions have taken place.

4. On October 20, 2021, counsel for the parties conducted a Rule 26(f) teleconference.  During that teleconference, counsel discussed the subjects set forth herein.

5. The parties have exchanged Rule 26 disclosures:  Plaintiffs' disclosures were served on October 14, 2021, and Defendants' disclosures were served on October 20, 2021.

6. <u>Explain any problem in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)</u>.

  None.

7. The parties have not filed disclosures of third-party litigation funding because there is no such funding in this case.

8. <u>Proposed joint discovery plan</u>:

 (a) <u>Discovery is needed on the following subjects</u>:

  In the Description of Documents and/or Individuals with Knowledge sections of their respective Rule 26(a) Disclosures, Plaintiffs and Defendants have

identified the topics related to Plaintiffs' claims and Defendants' defenses as to which discovery is needed.

    (b)    <u>Discovery should be conducted in phases and/or be limited</u>:

Apart from the limitations on discoverable material generally imposed by the Federal Rules of Civil Procedure, the parties do not believe that discovery should be conducted in phases and/or limited to particular issues.

    (c)    <u>Proposed schedule</u>:

        (1)    Rule 26 Disclosures:  Have already been exchanged by the parties.

        (2)    E-Discovery conference pursuant to L. Civ. R. 26.1(d):  To Be Scheduled.

        (3)    Service of initial written discovery:  Plaintiffs served their initial written discovery requests (interrogatories and requests for production of documents) on October 7, 2021.  Plaintiffs have granted Defendants an extension of time from November 7 to December 3, 2021, to serve their written responses.  Defendants served their initial written discovery requests (interrogatories, requests for production of documents, and requests for admission) on November 1, 2021.

        (4)    Maximum of 35 interrogatories by each party to each other party.

        (5)    Maximum of 10 depositions to be taken by each party.

        (6)    Motions to amend pleadings or to add parties to be filed not later than 60 days after the Court rules on Defendants' motion to dismiss.

        (7)    Fact discovery to be completed not later than 270 days after the Court rules on Defendants' motion to dismiss. The parties agree to meet and confer after a decision on any motion for class certification to determine whether good cause exists to extend this deadline for any additional discovery tied to that decision on class certification.

        (8)    All affirmative expert reports due not later than 300 days after the Court rules on Defendants' motion to dismiss.

(9) All responding expert reports due not later than 330 days after Court rules on Defendants' motion to dismiss.

(10) Expert discovery, including the depositions of any expert witnesses (including those whose opinions and/or declarations may be used in connection with a motion for class certification), to be completed not later than 390 days after the Court rules on Defendants' motion to dismiss.

(11) *Daubert* motions due 420 days after the Court rules on Defendants' motion to dismiss.

(12) Motion for class certification to be filed 450 days after the Court rules on Defendants' motion to dismiss, with the expectation of hearing *Daubert* motions at the same hearing as that set for the motion for class certification.

(13) Dispositive motions to be filed after any motion for class certification is resolved, at a date to be determined.

(d) Special discovery mechanism or procedure requested?

None.

(e) A pretrial conference may be held 30 days after the Court rules on dispositive motions.

(f) Trial date: _____ (Jury Trial)

9. <u>Do you anticipate any special discovery needs</u>?

It is anticipated that the parties may engage in remote videotaped depositions.

10. <u>Do you anticipate any issues about disclosure or discovery of electronically stored information</u>?

No.

11. <u>Do you anticipate entry of a Discovery Confidentiality Order</u>?

5

Yes.

12. <u>Do you anticipate any discovery problems not listed above</u>?

No.

13. <u>State whether this case is appropriate for voluntary arbitration or mediation</u>.

This case is appropriate for mediation after the parties complete discovery, but before any motion for class certification is decided.

14. <u>Is this case appropriate for bifurcation</u>?

No.

15. An interim status/settlement conference (with clients in attendance) should be held after a mediation occurs following the close of discovery.

16. The parties do not consent to trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

DATED:  November 4, 2021

Respectfully submitted,

| WILENTZ, GOLDMAN & SPITZER, P.A. | O'MELVENY & MYERS, LLP |
|---|---|
| Attorneys for Plaintiffs | Attorneys for Defendants |
| By:  <u>/s/ Kevin P. Roddy</u><br>     Kevin P. Roddy, Esq.<br>     kroddy@wilentz.com<br>     90 Woodbridge Center Drive,<br>     Suite 200<br>     Woodbridge, NJ  07095<br>     (732) 636-8000 | By: <u>/s/ Jeffrey I. Kohn</u><br>     Jeffrey I. Kohn<br>     jkohn@omm.com<br>     Times Square Tower<br>     7 Times Square<br>     New York, New York 10036<br>     (212) 326-2000 |

cc:    Counsel of Record (via ECF)